**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly F. Riehle, | No. CV-13-00251-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Bank of America, N.A., et al., | |
| Defendants. | |

Before the Court is Defendant Bank of America's Motion to Dismiss (Doc. 11), Defendant EverBank's Motion to Dismiss (Doc. 14) and Request for Judicial Notice (Doc. 14-1), Plaintiff's Response, and the Replies. For the following reasons, both Motions will be granted, and Plaintiff's claims will be dismissed without prejudice.

**I.    Background**

In June 2009, Plaintiff Kelly Riehle (Ms. Riehle) purchased a property in Glendale, Arizona, financed by a loan in the amount of $191,422 from Security National Mortgage Company. The loan was secured by a deed of trust. Defendant Bank of America, N.A. (Bank of America) acquired the loan in August 12, 2010, and serviced the loan from that time until December 2011. Defendant EverBank acquired the loan from Bank of America on December 5, 2011. At some point, Ms. Riehle, allegedly at the invitation of Bank of America, stopped making her mortgage payment and defaulted on the loan. EverBank substituted David W. Cowles as the trustee on October 1, 2012, and the trustee noticed a trustee's sale on October 5, 2012, to be held on January 7, 2013. Ms. Riehle filed an application for a temporary restraining order without notice to halt the

trustee's sale on January 4, 2013. At a hearing held on January 7, 2013, the state court denied Ms. Riehle's application for temporary restraining order. The trustee's sale was held on January 9, 2013, at which EverBank purchased the property. Ms. Riehle filed this lawsuit, along with a notice of lis pendens, in Maricopa County Superior Court. Bank of America then removed the action to this Court.

## II.     Legal Standard

To state a claim for relief under Fed. R. Civ. P. 8(a), a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. A claim is plausible if it contains "[f]actual allegations [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and to permit a reasonable inference that the defendant is liable for the conduct alleged, *Iqbal*, 556 U.S. at 678. In evaluating a motion to dismiss, the Court accepts all of Plaintiffs' plausible factual allegations as true and construes the pleadings in a light most favorable to them. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The principle that a court accepts as true all of the allegations in a complaint does not, however, apply to legal conclusions or conclusory factual allegations. *Iqbal*, 566 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

Fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires enough specificity to give a defendant notice of the

particular misconduct to be able to defend against the charge. *Bly–Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) (internal citations omitted).  To satisfy this specificity requirement, "the who, what, when, where, and how" of the misconduct must be alleged. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997).  Thus, factual allegations must include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007).  The plaintiff must set forth what is false or misleading about a statement, and why it is false. *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1548 (9th Cir.1994) (en banc).  Where the allegations in support of a claim fail to satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal. *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1107 (9th Cir. 2003).

On a motion to dismiss, a court generally does not look beyond the pleadings.  In addition to the complaint itself, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  However, a court may consider material beyond the pleadings on a motion to dismiss when documents are described in a complaint, the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them. *Id*.  A court may also take judicial notice of matters of public record under Federal Rule of Evidence 201, and consider those public records on a motion to dismiss. *Id*. at 689.  Courts do not have to accept alleged facts as true when they contradict those matters subject to judicial notice. *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.,* 245 F.2d 67, 70 (9th Cir. 1956).

**III.   Analysis**

   **A. EverBank**

In order to state a claim upon which relief can be granted and survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege the acts of each individual involved in the alleged events so that it is clear which defendant must answer each of the allegations.  A plaintiff may not collectively accuse multiple defendants of committing misdeeds

through the expedience of the title "Defendants."  Such group pleading is not allowed.

Ms. Riehle's Complaint lumps together EverBank and Bank of America without clearly defining allegations of EverBank's wrongs or distinguishing the alleged actions of EverBank from those of Bank of America.  The only allegations in the Complaint that could pertain to EverBank are those that refer to "Defendants" generally.  (Doc. 1-1 ¶23, 26-28, 31-32, 34-36, 39-41.)   As a result, the proposed amended complaint fails to comply with Rule 8(a)(2) with respect to EverBank because it fails to give fair notice of the claims against EverBank with requisite specificity.  In addition, for the reasons described below, Ms. Riehle fails to state a claim against EverBank even if the Court were to allow her group pleading.  As a result, EverBank's Motion will be granted.

**B.  Count I: Violation of the Arizona Consumer Fraud Act**

Ms. Riehle alleges that Bank of America and EverBank violated Arizona's Consumer Fraud Act, A.R.S. § 44-1522(A).  That Act prohibits the use of "any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise." A.R.S. § 44-1522(A). To establish a violation of the Arizona Consumer Fraud Act, a plaintiff must show a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and consequent and proximate injury resulting from the false promise. *Kuehn v. Stanley*, 208 Ariz. 124, 129, 91 P.3d 346, 351 (Ariz. Ct. App. 2004).  An injury occurs when a consumer relies, even unreasonably, on false or misrepresented information. *Id*. Because a claim brought under the Consumer Fraud Act is a fraud claim for the purposes of Rule 9, discussed above, such a claim must state with particularity the circumstances constituting fraud or mistake. *Bergdale v. Countrywide Bank FSB*, CV-12-8057-PCT-GMS, 2013 WL 105295 (D. Ariz. Jan. 9, 2013).

Ms. Riehle alleges in her Complaint that Bank of America told her "that in order to modify her loan Plaintiff would need to cease making her mortgage payment and

afterward could submit a modification package for [Bank of America's] review and approval." (Doc. 1-1 ¶18.) Taking all of the allegations in her complaint as true and drawing all inferences in her favor, Ms. Riehle's first claim is based on allegations that Bank of America misrepresented that she needed to stop making payments to qualify under one of the federal loan modification programs and that she stopped making payments based on that advice. (Doc. 17 at 5-6.) Ms. Riehle also alleges that Bank of America did not inform her that if she defaulted on the loan, that Bank of America would foreclose on the loan.

Ms. Riehle has not alleged that Bank of America made a false promise or representation on which she relied to her detriment. None of Ms. Riehle's fraud allegations even approach the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). Far from alleging "the who, what, when, where, and how" of the fraudulent misconduct, *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997), Ms. Riehle provides only conclusory allegations that Bank of America's representations with respect to loan modifications were deceptive. But she does not explain what makes Bank of America's statement that she could submit a loan modification application package after she stopped making payments a false promise or representation. According to the Complaint, Ms. Riehle did submit an application for modification of her loan, following Bank of America's guidance. (Doc. 1-1 ¶20.) Nothing in the Complaint suggests that Bank of America affirmatively promised she would be granted a loan modification, so the fact that Bank of America did not approve her application does not state a claim.

To the extent that her Complaint is based on allegations that Bank of America failed to approve that modification after promising one, Ms. Riehle has also failed to state a claim. Bank of America was under no obligation under the Home Affordable Mortgage Program (HAMP) to provide a loan modification to Plaintiffs, and no private cause of action exists against a lender for failing to modify a loan. *Cleveland v. Aurora Loan Services, LLC*, C 11-0773 PJH, 2011 WL 2020565 (N.D. Cal. May 24, 2011). Ms. Riehle therefore cannot state a claim based on Bank of America's alleged failure to

1  modify her loan after suggesting that she stop making payments and submit a
2  modification package.

3  The core of Ms. Riehle's Complaint seems to be that Bank of America entered
4  into a Consent Judgment with the State of Arizona in which Bank of America agreed not
5  to simultaneously attempt foreclosure proceedings if it was negotiating a modification,
6  and violated that Consent Judgment with her loan. These allegations fail to state a claim
7  upon which relief could be granted for two reasons. First, Ms. Riehle does not have
8  standing to bring an action to enforce the Consent Judgment, which explicitly set forth
9  that it did not confer on any third party any right or remedy. (Doc. 11 at 4.) Second,
10 Bank of America did not foreclose on Ms. Riehle's loan. According to the allegations in
11 her Complaint and to the public records that describe her loan, EverBank acquired her
12 loan in December 2011. The Notice of Trustee's Sale was not recorded until October 5,
13 2012. Bank of America therefore played no role in Ms. Riehle's foreclosure, and her
14 loan modification negotiations with Bank of America could not have been grounds for
15 any delay of EverBank's independent decision to foreclose on the loan based on Ms.
16 Riehle's default.

17 Finally, to the extent that Ms. Riehle has based her first claim on Bank of
18 America's alleged failure to inform her that her loan was subject to foreclosure if she
19 stopped making her payments, she has also failed to state a claim. Nothing in the
20 Complaint, however, suggests that Bank of America made any representation that
21 foreclosure would not be a consequence of her default. Ms. Riehle does claim that Bank
22 of America breached its agreement with Arizona (Doc. 1-1 ¶31), but for reasons
23 described above that cannot state a claim. There is no allegation that Bank of America
24 agreed with Ms. Riehle herself not to foreclose on the loan if she defaulted. Indeed, the
25 Deed of Trust Ms. Riehle signed is clear that foreclosure is one possible consequence of
26 default. (Doc 14-2 at 5.) Bank of America's alleged failure to remind Ms. Riehle of this
27 possible consequence does not state a claim upon which relief could be granted. For all
28 of the reasons, Count I will be dismissed.

**C. Count II: Injunctive Relief**

In her second count, Ms. Riehle requests an injunction "requiring Defendants to stop the trustee's sale." (Doc. 1-1 at 25.) The Complaint states no basis for an injunction apart from the Arizona Consumer Fraud Act, which does not state a claim upon which relief can be granted. In any event, the request for an injunction preventing the trustee's sale is moot because the trustee's sale has already occurred.

**D. Leave to Amend**

Leave to amend a complaint that fails to state a claim should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). And the Ninth Circuit has instructed district courts to grant leave to amend when dismissing a case for failure to state a claim "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). Ms. Riehle will be granted leave to amend her Complaint, if she chooses, to address the deficiencies identified in this order. Any such amended complaint must be filed by May 3, 2013.

IT IS THEREFORE ORDRED that Defendant Bank of America's Motion to Dismiss (Doc. 11) is granted.

IT IS FURTHER ORDERED that Defendant EverBank's Motion to Dismiss (Doc. 14) is granted.

IT IS FURTHER ORDERED that Defendant EverBank's Request for Judicial Notice (Doc. 14-1) is granted.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed with leave to file an amended complaint by May 3, 2013.

//
//
//
//

IT IS FURTHER ORDERED that if Plaintiff elects not to file an amended complaint by May 3, 2013, her claims will be dismissed with prejudice, and the lis pendens in Maricopa County Superior Court Case No. CV2013-050171 quashed, and the Clerk shall terminate this action without further order of the Court.

Dated this 17th day of April, 2013.

_____
Neil V. Wake
United States District Judge